IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| JW, *by and through Cleopatra Carmichael as Guardian ad Litem*,<br><br>Plaintiff,<br><br>v.<br><br>Garden Hospitality Aiken LLC, d/b/a Hilton Garden Inn Aiken; Sycamore Investment Group LLC; Sycamore Investments LLC; and Aashay Patel, *Individually*,<br><br>Defendants. | ) | Case No. 1:26-cv-01507-SAC<br><br>**OPINION AND ORDER** |

JW, by and through Cleopatra Carmichael as *Guardian Ad Litem* ("Plaintiff"), brought this action asserting various claims against Garden Hospitality Aiken LLC, doing business as Hilton Garden Inn Aiken, Sycamore Investment Group LLC, Aashay Patel, individually (together, the "HGI Aiken Defendants"), and Sycamore Investment Group, (collectively, "Defendants"). ECF No. 1-1. For the reasons stated below, the Court REMANDS for lack of subject matter jurisdiction. Accordingly, all pending motions are DENIED as MOOT and the Magistrate Judge's Report and Recommendation is rendered MOOT.

## BACKGROUND

Plaintiff brought the present action against Defendants in the Court of Common Pleas for Aiken County, South Carolina. ECF No. 1-1. Plaintiff's Complaint arises out of "disparate treatment" he faced when employed with Defendants. *Id.* at 6. Plaintiff also takes issue with Defendants' termination of his employment and certain post-termination conduct, such as retaliation for his "EEOC and DOL filings," violation of South Carolina privacy statutes, and malicious prosecution/abuse of process. *Id.* at 6-7.

The HGI Aiken Defendants removed the action to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction. ECF No. 1 at 2. In their Notice of Removal, the HGI Aiken Defendants posited "Plaintiff asserts causes of action against Defendants sounding in discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.," along with other state law claims. ECF No. 1 at 2 (citation modified).

In accordance with 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(e), this matter was referred to the United States Magistrate Judge Kaymani D. West for pre-trial proceedings. During the pendency of the proceedings before the Magistrate Judge, the parties filed several motions.[1] *See* ECF Nos. 4; 12-15; 17; 25; 33; 37; 49.[2] Relevant here, Plaintiff filed a Motion to Remand on various procedural grounds, including improper removal of the case without consent of all Defendants and failure to timely consent to removal. ECF No. 14. These arguments were repeated in Plaintiff's Omnibus Motion, along with the argument that his lawsuit does not assert a federal question. ECF No. 33. The HGI Aiken Defendants maintained that removal was proper and remand unwarranted. ECF No. 24.

The Magistrate Judge issued a Report and Recommendation ("Report") recommending dismissal of Plaintiff's Complaint because Plaintiff, as a minor, lacked capacity to bring suit *pro*

---

[1] HGI Aiken Defendants filed a Motion to Dismiss, ECF No. 4, and Motion to Strike for the unauthorized practice of law, ECF No. 37. Plaintiff filed several motions including: Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 12; Motion to Appoint Counsel, ECF No. 13; Motion to Remand, ECF No. 14; Emergency Motion to Stay, ECF No. 15; Motion for Leave to File Electronically, ECF No. 17; Motion for Assistance Regarding Retention of Counsel, ECF No. 25; and an Omnibus Motion to remand, strike, seek sanctions, and oppose the HGI Aiken Defendant's responses, ECF No. 33.

[2] Plaintiff's Emergency Motion to Seal, ECF No. 49, was filed on July 28, 2026, after the Magistrate Judge issued a Report and Recommendation.

*se* or with his parent serving as his non-attorney representative. ECF No. 40 at 3-4. In his objections to the Report, Plaintiff argued that subject matter jurisdiction is a threshold issue and it was improper to consider the "procedural rule regarding minor representation" to dismiss the action that he deems was improperly removed. ECF No. 44 at 2. Plaintiff asserted that the HGI Aiken Defendants removed the case based upon their characterization of Plaintiff's allegations, not his actual allegations. *Id* at 1. Plaintiff clarified that he "does not seek relief under any federal statutory framework." *Id.*

The HGI Aiken Defendants replied to Plaintiff's objections, arguing the Report was correctly decided, Plaintiff's objections were nonresponsive to the Report, and his objections should be overruled. ECF No. 47. Of particular significance, the HGI Aiken Defendants argued that the "threshold issue in this case is not one of subject-matter jurisdiction arising from any alleged removal defect, but rather one of representational capacity." *Id.* at 4-5, 9 (relying on *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005)).

On August 11, 2026, the Court issued an Order to Show Cause requiring Defendants to show why the Court should not remand the action to state court. ECF No. 52. The HGI Aiken Defendants filed their response, arguing, *inter alia*, the Complaint, liberally construed, presents federal employment discrimination and retaliation claims under Title VII or other federal employment statutes; Plaintiff's later recharacterization of the action as based exclusively on state-law did not alter the fact that his allegations correspond to Title VII; and pre-suit Equal Employment Opportunity Commission ("EEOC") proceedings confirm their reading of the Complaint. ECF No. 54 at 4. The HGI Aiken Defendants also argue remand would not cure the threshold representation defect identified in the Report, as Plaintiff's mother is not an attorney and cannot prosecute his claims in state court either. *Id.* at 7 n. 2.

In his Reply, Plaintiff argues the HGI Aiken Defendants cannot create federal jurisdiction by recharacterizing his state law claims with their preferred reading of the Complaint and that Plaintiff's EEOC charge and Notice of Right to Sue merely provide factual context concerning chronology, motive, and causation, rather than serving as the basis of Plaintiff's Complaint. ECF No. 55 at 1-2. Plaintiff also contends the HGI Aiken Defendants lacked an objectively reasonable basis for removal, entitling him to costs and expenses. *Id.* at 3.

**STANDARD OF REVIEW**

"[A] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Doe v. Blair*, 819 F.3d 64, 66-67 (4th Cir. 2016); *see* 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court." Likewise, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

Because "[f]ederal courts are courts of limited jurisdiction," it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is

proper."). It is a "well-established principle that [the court is] obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated and that if federal jurisdiction is doubtful, a remand to state court is necessary." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (citation modified); *see also Elliott v. Am. States Ins.*, 883 F.3d 384, 394-95 (4th Cir. 2018).

## ANALYSIS

### I. Removal and Federal Question Jurisdiction

Federal courts have limited jurisdiction and are empowered to act only in the specific instances authorized by Congress. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Because subject matter jurisdiction is a threshold issue, the Court need not—and, indeed, cannot—address other objections. *See* Fed. R. Civ. P. 12(h)(3) ("If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action.").[3]

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation modified). To sustain federal question jurisdiction, the complaint must "contain allegations affirmatively and distinctly

[3] While the HGI Aiken Defendants do not cite *Myers v. Loudoun County Public Schools*, 418 F.3d 395 (4th Cir. 2005) in their Response to this Court's Order to Show Cause, the HGI Aiken Defendants have cited it in defense of the Report. ECF No. 47. It is worth noting that while *Myers* does hold that the questions of whether a litigant may proceed on behalf of another is a threshold issue, nothing suggests the Court should, or could, reach that issue without first determining whether it has subject matter jurisdiction to do so. Moreover, *Myers* involved a pro se parent filing a complaint in federal court that clearly alleged federal questions. *See Myers*, 418 F.3d at 398-99. That case is easily distinguishable from the present action.

establishing federal grounds." *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973) (citation modified) (emphasis added); *see Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). A plaintiff is the "master of the claim," and "may avoid federal jurisdiction by exclusive reliance on state law." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A complaint purporting to rest on state law can only be recharacterized as arising under federal law if the law governing the complaint is exclusively federal. *Vaden*, 556 U.S. at 61.

Critically, Plaintiff does not affirmatively allege a federal claim in the Complaint. Plaintiff does not mention Title VII or any other federal law in the Complaint and does not assert a claim under any of the federal laws pertaining to employment discrimination. *See generally* ECF No. 1-1. And, in response to the Order to Show Cause, Plaintiff expressly states that he does not assert any federal claims. ECF No. 55 at 1-2.[4]

It is not sufficient, as the HGI Aiken Defendants suggest, *see* ECF No. 54 at 3, that the allegations *may* correspond with the elements of Title VII. Rather, in ascertaining whether there is a real federal issue upon which the result depends, "the courts have observed the distinction . . . between disputes that are necessary and those that are merely possible." *Burgess*, 477 F.2d at 44 (citation modified). Plaintiff's mere references to the terms "discriminatory discharge," "protected

[4] The HGI Aiken Defendants seem to argue that Plaintiff is recharacterizing his Complaint to exclusively rely on state law. However, Plaintiff has steadfastly maintained his complaint does not assert a federal question throughout the proceedings before the Magistrate Judge. *See* ECF Nos. 32, 33, 44. It is of no moment that the matter was not initially raised in Plaintiff's first motion to remand. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time."); *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007) ("Subject matter jurisdiction concerns a courts very power to hear a case, and because a court's power to hear a case can never be forfeited or waived, the lack of subject matter jurisdiction can be raised at any time." (citation modified)).

rights," and "retaliatory," in the Complaint, are insufficient because an action involving such issues may arise under both state and federal law. While Title VII is commonly asserted by plaintiffs seeking to redress these issues, it cannot be said that the law governing the Complaint is exclusively federal. Indeed, Title VII provides:

> Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.

42 U.S.C. § 2000e-7. The Supreme Court, therefore, has observed "there is no need to infer congressional intent to pre-empt state laws from the substantive provisions of Title VII." *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 282 (1987). "Instead of pre-empting state fair employment laws, [Title VII] simply left them where they were before the enactment of [T]itle VII," and it "reflects the importance Congress attached to state antidiscrimination laws in achieving Title VII's goal of equal employment opportunity." *Id.* at 282-83 (citation modified). South Carolina statutes and case law have addressed issues of discrimination and retaliation in the workplace, *see e.g.*, S.C. Code Ann. § 1-13-80 et seq. (prohibiting any unlawful employment practice by an employer); *Small v. Springs Indus., Inc.*, 388 S.E. 2d 808, 810 (1990) (noting in certain limited circumstances an at-will employer's termination of an employee may give rise to a claim for wrongful discharge), and thus Title VII is not the exclusive vehicle for asserting these claims.

Nor is it sufficient, despite the HGI Aiken Defendants' contentions to the contrary, for federal question jurisdiction to hinge on the fact a plaintiff filed administrative charges with the EEOC. ECF No. 54 at 2-3. Notably, Plaintiff's only reference to an EEOC complaint or the Department of Labor ("DOL") is as a factual predicate of his retaliation claim. ECF No. 1-1 at 6.

As noted in Plaintiff's Reply, his inclusion of the EEOC complaint and DOL filings are merely "factual allegations concerning" Defendants' alleged retaliatory conduct and "does not compel the conclusion that Plaintiff subsequently elected to assert those federal causes of action in state court." ECF No. 55 at 2. Plaintiff may choose to exclude from his Complaint any reliance upon federal law or the EEOC charge, as he has done here, and this election is determinative to federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392 ("[P]laintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). As noted in this Circuit, "[a p]laintiff's preliminary filing with the EEOC [does] not constitute a binding election to pursue federal claims." *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F. Supp. 2d 586, 588 (M.D.N.C. 1999)) (internal quotation marks omitted) (cited affirmatively in *Redding v. Sun Printing Inc.*, No. 5:14-CV-00120-JMC, 2015 WL 225801, at *7 (D.S.C. Jan. 16, 2015) (adopting Report and Recommendation)). Accordingly, nothing suggests Plaintiff affirmatively alleged federal claims and remand is proper.

## II. Costs and Expenses

In his Reply, Plaintiff asks this Court to award his costs and expenses resulting from removal. ECF No. 55 at 3. Section 1447(c) authorizes a court, when remanding a removed case, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, an award is proper only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Applying this standard to the circumstances of this case, the Court declines to make such an award.

## CONCLUSION

Based on the foregoing, the court **REMANDS** this action to the Court of Common Pleas

for Aiken County, South Carolina, pursuant to 28 U.S.C. § 1447(c). The pending motions in this action, ECF Nos. 4; 12-15; 17; 25; 33; 37; and 49, are **DENIED** as **MOOT**, and the Report and Recommendation, ECF No. 40, is rendered **MOOT**. The Clerk is directed to mail a certified copy of this Order of Remand to the Aiken County Court of Common Pleas.

**IT IS SO ORDERED**.

United States District Judge

October 7, 2026
Columbia, South Carolina